**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS AQUINO-MORENO, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONSOLIDATED SCAFFOLDING, INC. and TOM BOWES, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

**Comes Now**, Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1. Defendants own and operate a scaffolding installation company called Consolidated Scaffolding, Inc. (hereinafter "CSI"). CSI erects scaffolding on various buildings in the greater New York City metropolitan area, which protects people from being hit by falling debris from buildings.

2. Plaintiff worked in Defendants' company as a scaffolder, which entailed tasks such as: assembling scaffolding, dismantling scaffolding, and cleaning work sites.

3. Throughout Plaintiff's employment, Plaintiff received no overtime wages despite working excess of 40 hours each week.

4. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, that have not received: overtime wages for weeks in which they worked in excess

1

of 40 hours, spread of hours pay, notices at their time of hiring in English and their primary language, and wage statements each pay period, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, the New York Labor Law (NYLL), §§ 190 et seq., N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2, and supporting regulations.

5.     Plaintiff seeks to bring these claims as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff performed work for Defendants at various work sites in Manhattan, New York. Therefore, venue is proper in this district.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.     Luis Aquino-Moreno, was at all relevant times, an adult individual residing at 13 Orange Street, Stamford, Connecticut 06902, which is in Fairfield County.

**Defendants:**

10.    CSI is an active New York corporation. Its principal place of business is: 20 Park Road,

2

Briarcliff Manor, New York 10510, which is in Westchester County.

11. Tom Bowes, upon information and belief is an owner, officer, director and/or managing agent of CSI. Mr. Bowes' address is unknown at this time.

12. Mr. Bowes participated in the day-to-day operations of CSI, and acted intentionally and maliciously. Mr. Bowes signed the checks that were issued to Plaintiff for each pay period. Mr. Bowes is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), the regulations promulgated under 29 C.F.R. § 791.2, and the NYLL, and is jointly and severally liable with CSI.

13. Upon information and belief, Mr. Bowes jointly set the unlawful payroll policies complained of in this complaint for CSI.

14. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA and the NYLL.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they are a scaffolding construction company that obtains materials from all over the United States for use in their scaffolding construction projects, such as: scaffolding, lifts, vehicles, industrial painting equipment, and other industrial equipment manufactured outside of New York. Additionally, Plaintiff and his co-workers, were required as a condition of their employment with Defendants to travel to states outside of New York to perform scaffolding construction services, such as New Jersey and Connecticut. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

**STATEMENT OF FACTS**

17. At all relevant times, Defendants have been in the scaffolding installation industry.

18. Plaintiff was employed by Defendants as a scaffolder from approximately August 1, 2022 to July 4, 2024.

19. As a scaffolder, Plaintiff's job duties included: assembling scaffolding, dismantling scaffolding, and cleaning work sites.

20. Plaintiff performed these scaffolding duties for Defendants in several areas of New York City, such as Manhattan, Brooklyn, Queens, and Westchester, and other states such as New Jersey and Connecticut.

21. Plaintiff was paid a rate of $28 per hour, straight-time, for all hours worked.

22. Plaintiff typically worked six days a week, Monday through Saturday, and was off on Sundays.

23. Plaintiff typically worked 11 hours each day, and generally worked from 7 a.m. to 7 p.m., with a one-hour lunch break each day. However, Plaintiff often did not get his full hour lunch break, and sometimes worked with no break at all.

24. On average, Plaintiff worked 62 hours each week.

25. Throughout Plaintiff's employment, Plaintiff was paid straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

26. For example, during the work week of June 3, 2024 to June 9, 2024, Plaintiff worked 60 hours. Plaintiff was paid $28 per hour, straight-time, for all hours worked that week, and earned approximately $1,680 during the pay period for that week. During that week, Plaintiff worked, Monday through Saturday, from 7 a.m. to 6 p.m. Plaintiff was given a one-hour break each day.

Thus, his actual work time, after deducting one hour for breaks, was approximately 10 hours each day for this work week. Plaintiff was off on Sunday.

27. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay him overtime wages.

28. Plaintiff was not provided with statement with every payment of wages, listing: the dates of work covered by that payment of wages, rate or rates of pay, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, or the number of overtime hours worked. As a result of not receiving these statements, Plaintiff has sustained an injury-in-fact, in that he was unable to obtain a new apartment to rent due to not having adequate documentation of consistent full-time employment such as detailed paystubs required under the NYLL with each payment of wages, which would have shown the hours worked.

29. Additionally, at the time of hiring, Plaintiff was never provided by Defendants any written notice, in writing in English and Spanish (his primary language), a notice containing: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer. As a result of not receiving this written notice, Plaintiff has sustained an injury-in-fact, in that he was unable to obtain a new apartment to rent due to not having adequate documentation of consistent full-time employment such as the time of hiring notice required under the NYLL, which would show the date he initially started his employment and rate of pay.

30. Throughout Plaintiff's employment, he was paid via bank check, without receiving any paystubs. The bank check would only state the amount of money he earned for a given pay period,

5

and did not state: regular hours worked, overtime hours worked, or his wage rate.

31. Plaintiff generally worked 11 hours each day. However, Plaintiff did not receive any spread of hours pay, as one additional hour's pay at the basic minimum wage rate before allowances, for each day Plaintiffs' workday exceeded ten hours

32. This failure to pay overtime premium wages, provide statements each pay period showing the amount of overtime worked, and pay spread of hours pay, can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a), and the NYLL § 663.

33. Individual Defendant, Mr. Bowes, is the President of CSI. Mr. Bowes participated in the day-to-day operations of CSI, and set the unlawful practice of CSI not paying overtime wages to Plaintiff. Mr. Bowes signed the checks that were issued to Plaintiff for each pay period, and thus had actual and constructive knowledge of how Plaintiff was paid. Mr. Bowes had the power to hire and fire employees at CSI. As President of CSI, Mr. Bowes set the terms and conditions of employment for the employees such as Plaintiff, the managers under him that supervised Plaintiff, and the company itself. Mr. Bowes also maintained the employment records of CSI, such as scheduling and pay records. Upon information and belief, Mr. Bowes worked full-time for CSI, and did not have other full-time employment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from June 13, 2021 to February 15, 2024, through the entry of judgment in this case (the "Collective Action Period"), who worked as scaffolders, laborers, foremen, and all other hourly workers with similar positions who were not paid overtime wages (the "Collective Action Members").

35. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

36. The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time but believed to be at least 40 employees.

## CLASS ACTION ALLEGATIONS UNDER RULE 23

37. Plaintiff brings the following class action allegations pursuant to Fed. R. Civ. P. 23, on behalf of:

> All persons employed by Defendants, at any time from June 17, 2018 to June 17, 2024, through the entry of judgment in this case (the "New York Class Period"), who worked as scaffolders, laborers, foremen, and all other hourly workers with similar positions who have not received: overtime wages for weeks in which they worked in excess of 40 hours, spread of hours pay, notices at their time of hiring in English and their primary language as required by the NYLL, or wage statements each pay period as required by the NYLL (the "New York Class").

38. Plaintiff is a member of the New York class and is an appropriate person to represent the class.

39. Certification of the New York Class' claims as a class action is the most economical means of resolving the questions of law and fact which are common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on him individually and on the members of the New York Class employed by Defendants. Without class

certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations. Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the Plaintiff and the members of the New York Class, and Defendants.

40. The New York Class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this time, upon information and belief, the New York Class is at least 40 members, that have worked for Defendants during the New York Class Period, which satisfies the numerosity requirement of Rule 23(a)(1).

41. The claims alleged by Plaintiff raise questions of law and fact common to the New York Class. Among these questions are:

   a. Whether Defendants employed Plaintiff and members of the New York Class within the meaning of the NYLL;

   b. Whether Defendants failed to pay Plaintiff and the members of the New York Class overtime wages, at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any workweek during the New York Class Period;

   c. Whether Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the NYLL and the regulations promulgated thereunder;

   d. Whether Defendants have failed to provide Plaintiff and members of the New York

8

    Class with a notice for each pay period stating: their wage rate, total hours worked, and total overtime worked, for each week of their employment, as required by N.Y. Lab. Law § 195(3)

e. Whether Defendants failed to provide a notice as time of hiring in English and the primary language of the employees, stating: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer, in violation of the N.Y. Lab. Law § 195(1)(a).

f. Whether Defendants' violations of the FLSA and NYLL were willful;

g. Whether Defendants are liable for all damages claimed, including but not limited to: compensatory, liquidated, statutory, interest, costs, and attorney's fees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

42.     Plaintiff, on behalf of himself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

43.     As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

44.     Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45.     The failure to pay overtime has caused Plaintiff and the Collective Action Members to suffer lost wages and interest thereon. As a result, they are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

46.     Plaintiff, on behalf of himself, and the Collective Action Members, and the New York Class, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

47.     As a result of Defendants' failure to compensate its employees, including Plaintiff, the Collective Action Members, and the New York Class at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the NYLL, N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2, for which Plaintiff, the Collective Action Members, and the New York Class are entitled to relief pursuant the NYLL, § 190 et seq.

48.     Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of NYLL § 663.

49.     The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the

action.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – NOTICE, RECORD KEEPING, AND WAGE STATEMENT VIOLATION

50. Plaintiff, on behalf of himself, the Collective Action Members, and the New York Class, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51. Defendants have failed to provide Plaintiff, the Collective Action Members, and the New York Class, with a copy of their wage rate, total hours worked, and total overtime worked, for each week of their employment. As a result, Defendants have violated the NYLL, N.Y. Lab. Law § § 650 et seq., including N.Y. Lab. Law § 195(3) for which Plaintiff and the Collective Action Members are entitled to relief.

52. Additionally, at the time of hiring, Plaintiff, the Collective Action Members, and the New York Class, were never provided by Defendants any written notice, in writing in English and their primary language, a notice containing: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer, in violation of the N.Y. Lab. Law § 195 (1)(a).

53. Defendants are liable to Plaintiff and the Collective Action Members in the amount of $5,000 for each violation.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

54. Plaintiff and the Collective Action Members repeat and reallege all paragraphs above as

11

though fully set forth herein.

55. Defendants failed to pay Plaintiff, the Collective Action Members, and the New York Class, one additional hour's pay at the basic minimum wage rate before allowances, for each day Plaintiffs' spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

56. Defendants' failure to pay an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

57. The amount of damages are to be determined at trial.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff requests that this Court grant the following relief, on behalf of himself, the Collective Action Members, and the New York Class:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA and the NYLL;

c. An award of unpaid overtime wages due under the FLSA and the NYLL;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages under the FLSA and NYLL;

e. An award of spread of hours pay under the NYLL;

f. An award of $5,000 for Plaintiff and each of the Collective Action Members, for each violation of the § 195 of the NYLL;

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action together with attorney's fees;

i. An order awarding an increase of the total amount of judgment by 15%, for any amounts

that remain unpaid upon the expiration of 90 days of the issuance of judgment, in accordance with the NYLL, § 198(4);

j. An order certifying this action as a collective action under 29 U.S.C. § 216(b), as well as an order certifying the action as a class action under Fed. R. Civ. P. 23, and a designation of undersigned as class counsel;

k. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 25, 2024

                Respectfully submitted,

                **s/ Brandon A. Thomas**
                **BRANDON A. THOMAS**
                Bar No. GA742344
                The Law Offices of Brandon A. Thomas, PC
                1 Glenlake Parkway, Suite 650
                Atlanta, GA 30328
                Tel: 678-862-9344
                Fax: 678-638-6201
                brandon@overtimeclaimslawyer.com