```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/3/2025_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS AQUINO-MORENO, Individually and on Behalf of All Those Similarly Situated, SERGIO GARCIA-GONZALEZ, FRANZ SUAREZ-ROJAS, JAIRO CORDOBA-RODRIGUEZ, RANGEL EMMANUEL DISLA, and EDGAR MIGUEL HENRIQUE-MARTINEZ,

                Plaintiffs,

-against-

CONSOLIDATED SCAFFOLDING, INC. and TOM BOWES, Jointly and Severally,

                Defendants.

24 Civ. 9030 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Representative Plaintiff, Luis Aquino-Moreno, brings this putative collective action against Defendants, Consolidated Scaffolding, Inc., and Tom Bowes, alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, for failure to pay overtime wages. *See generally* Compl., ECF No. 1. Franz Suarez-Rojas joined this action as an opt-in plaintiff.[1] ECF

---

[1] The joinder of plaintiffs to an FLSA action is governed by 29 U.S.C. § 216(b), which provides that an employee may bring an action on behalf of himself and other "similarly situated" employees, and that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." To that end, courts in this District "have adopted a two-step 'conditional certification' process of facilitating notice to potential plaintiffs who may wish to join a pending FLSA suit." *Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 516 (S.D.N.Y. 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)). This process, however, is "entirely discretionary," and nothing "in the text of the statute prevents [similarly situated] plaintiffs from opting in to the action by filing consents with the district court, even when notice by the district court has not been sent." *Id.* (alteration adopted) (quoting *Myers*, 624 F.3d at 555 n.10). "In other words, the filing of a consent by a similarly situated employee is, by itself, sufficient to join an FLSA action." *Id.* Here, although this action has not been conditionally certified, Suarez-Rojas filed his consent notice on December 20, 2024, ECF No. 16-1, and Defendants do not dispute that he is similarly situated to Aquino-Moreno. Accordingly, Suarez-Rojas joined this action as an opt-in plaintiff on December 20. *See Gonyer*, 32 F. Supp. 3d at 516–17 (finding that opt-in plaintiff successfully joined FLSA action when he filed consent notice before any conditional certification of the action and defendant did not dispute that he was similarly situated to plaintiff who originally brought suit).

Nos. 16, 16-1. Having reached a settlement (the "Settlement"), ECF No. 22-1, Suarez-Rojas and Defendants jointly seek the Court's approval of their proposed agreement, *see* Letter, ECF No. 22. For the reasons stated below, the motion is DENIED without prejudice to renewal.[2]

## DISCUSSION

I.  Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for [the] health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

---

[2] In January 2025, the parties stipulated to arbitrate their claims, and the Court stayed this action pending arbitration. ECF No. 21. Suarez-Rojas and Defendants represent that arbitration is ongoing. Letter at 1. Accordingly, the Court lifts the stay for the sole purpose of deciding the instant motion for settlement approval.

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel;" and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" or "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206 (citation omitted).

II. Analysis

The parties' letter touches briefly on certain of the *Wolinsky* factors. It acknowledges that the Settlement will allow the parties to avoid protracted litigation and the sorts of general risks that litigation involves. *See* Letter at 2. In addition, the parties represent that the Settlement is "the product of arm's length negotiation between experienced counsel," that the parties "have engaged in extensive discussions concerning their respective positions," and that there "is no fraud or collusion in this case." *Id*.

The information provided by the parties does not enable the Court to determine whether the Settlement is fair and reasonable. *See Ortiz v. My Belly's Playlist LLC*, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017). The Settlement provides Suarez-Rojas with a recovery of $35,000, inclusive of attorney's fees and costs, of which he will ultimately receive $22,953.33. Letter at 2; Settlement ¶ 1. In their motion, the parties state, in conclusory terms, that the Settlement represents "89.3% of the total amount [Suarez-Rojas seeks] in this case" and is "nearly a full year's salary for him;" and that the Settlement "benefits [] Suarez-Rojas because it will allow him to recover a substantial amount of money quickly." Letter at 2. The parties provide no information on Defendants' "potential exposure," "the nature of [Suarez-Rojas'] claims," "the

3

bases of estimates of [his] maximum possible recovery," or "the probability of [his] success on the merits." *Corea v. Café Spice {GCT}, Inc.*, No. 18 Civ. 10354, 2020 WL 13561280, at *3 (S.D.N.Y. Mar. 5, 2020) (cleaned up) (citation omitted). The Court, therefore, cannot find that the *Wolinsky* factors are met.

Additionally, the Settlement contains a liability release clause under which Suarez-Rojas agrees to "unconditionally release[] and forever discharge[] [Defendants] (including affiliated business entities), their agents, employees, successors, and assigns, both individually and in their official capacities (hereinafter the 'Released Parties'), from any and all claims, or causes of action that were asserted or could have been asserted in [this] [l]itigation, which includes all actual and potential claims" under the FLSA, NYLL, § 142-2.2 of the New York Code of Rules and Regulations, and "supporting regulations." Settlement ¶ 4. This clause is overbroad in at least two ways. First, the release is not limited to Defendants but includes "affiliated business entities." *Id*. This term "could include any number of employers" and could be wielded to "prevent [Suarez-Rojas] from at any point in the future bringing [any] claims" including but not limited to those under the FLSA, NYLL, § 142-2.2 of the New York Code of Rules and Regulations, or any supporting regulations, that he could have brought "against any employer Defendants might deem 'affiliated.'" *Duran v. C & J Bros., Inc.*, No. 22 Civ. 387, 2023 WL 5769493, at *4 (S.D.N.Y. Sept. 7, 2023); *see also Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019).

Second, the release reaches beyond the claims at issue in this litigation because it covers "any and all claims" under the above-mentioned statutes and regulations, "even those outside of the scope of this action." *Duran*, 2023 WL 5769493, at *4. "In general, any release provision must be limited to the claims at issue in this action." *Cronk v. Hudson Valley Roofing &*

*Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021) (citation omitted); *Lara*, 2019 WL 6117588, at *2 ("*Cheeks* warned about abusive settlements containing an overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." (citation omitted)). On top of this, Suarez-Rojas is afforded no release from liability whatsoever. *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) ("Judicial distaste for overbroad releases has been especially pronounced where the releases were not mutual and protected only the defendants." (citation omitted)).

The Settlement also contains an impermissible not-to-sue covenant whereby Suarez-Rojas agrees "not to sue any of the Released Parties, for any claims arising under federal, state, or local law, common or statutory, for any action or omission whatsoever, whether known or unknown, suspected, or unsuspected, which existed or may have existed prior to, or contemporaneously with the execution of [the Settlement], concerning their wages." Settlement ¶ 5. Like the liability release clause, this covenant, which covers "any claims . . . known or unknown . . . concerning [the Released Parties'] wages," goes far beyond claims relevant to this litigation. *See, e.g.*, *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015); *Khan v. Dunwoodie Gas Station, Inc.*, No. 19 Civ. 5581, 2020 WL 1166180, at *4 (S.D.N.Y. Mar. 10, 2020). In light of the overbroad liability release clause and covenant not to sue, and the parties' failure to satisfy the *Wolinsky* factors, the Court cannot approve the Settlement.

**CONCLUSION**

For the foregoing reasons, Suarez-Rojas and Defendants' motion for settlement approval is DENIED without prejudice to renewal.  By **June 30, 2025**, the parties may file a revised letter and settlement agreement in accordance with this order.[3]  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: June 3, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] The stay of this action, *see* ECF No. 21, shall remain in effect until further order of the Court and without prejudice to Suarez-Rojas and Defendants' filing of a revised letter and settlement agreement.