# THE LAW OFFICES OF
# BRANDON A. THOMAS, P.C.

| | |
|---|---|
| 1 Glenlake Parkway, N.W., Suite 650 | Tel: (678) 862-9344 |
| Atlanta, Georgia 30328 | Fax: (678) 638-6201 |
| Email: brandon@overtimeclaimslawyer.com | Web: overtimeclaimslawyer.com |

June 19, 2025

### AMENDED JOINT LETTER REQUESTING THE COURT APPROVE THE SETTLEMENT AGREEMENT FOR OPT-IN PLAINTIFF FRANZ SUAREZ-ROJAS

Hon. Analisa Torres
U.S. District Court Judge
Daniel Patrick Moynihan U.S. Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: Aquino-Moreno v. Consolidated Scaffolding, Inc. et al.*
*Case No. 1:24-cv-09030-AT*

Dear Judge Torres:

The Parties respectfully submit this Joint Letter Requesting Approval of the attached Settlement Agreement for opt-in plaintiff Franz Suarez-Rojas, and dismissal of his case, with prejudice. Plaintiffs filed this collective action to recover overtime wages, spread of hours, and prejudgment interest under the FLSA and NYLL (Doc. 1 at 1-2, 7-10). See Ex. 2, Specification of Claims.[1] There is currently one named plaintiff, and three opt-in plaintiffs. The action was compelled to arbitration by stipulation of the Parties (Doc. 21).

During the course of the arbitration proceedings, the Parties reached a settlement for opt-in plaintiff Franz Suarez-Rojas. Ex. 1. The arbitration proceedings for the other three plaintiffs are still ongoing. Thus, the Parties are seeking approval of a Settlement Agreement for only Franz Suarez-Rojas, and dismissal of his claim with prejudice. The Court should not close the actual case pending in the District Court however, No. 1:24-cv-09030-AT, as there are still three

---

[1] Pursuant to the Court's request that the Parties identify with specificity the basis for the claim, how the damages were calculated, and Defendants' exposure in the case (Doc. 24 at 2-5), attached is Plaintiff's Specification of Claims which was submitted to the arbitrator during the arbitration proceedings. The damages in Specification of Claims represent the maximum amount Plaintiff could recover, which is Defendants' total potential exposure in the case.

1

plaintiffs with arbitration proceedings pending. *See Katz v. Cello Partnership*, 794 F.3d 341, 345 (2nd Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested").

I. SETTLEMENT AGREEMENT

The Parties have executed a new Settlement Agreement, consistent with the instructions of the Court (Doc. 24), which is attached to this letter as Exhibit 1. The Parties have agreed to resolve the case of opt-in plaintiff Suarez-Rojas for a total aggregate sum inclusive of attorneys' fees of Thirty-Five Thousand Dollars (**$35,000.00**). Ex. 1 at 1. This amount consists of $22,953.33 in wages to Franz Suarez-Rojas, $570.00 in costs and $11,476.67 in attorney's fees to Plaintiffs' counsel. *Id*. at 2, para. 2. This amount resolves all of Mr. Suarez-Rojas's claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs.

The Parties have agreed that Defendants will be allowed to pay this settlement in seven installments. The first payment will be due three calendar days after the approval of the Settlement Agreement by the District Court. *Id*. at 2. The six subsequent payments will be paid at a rate of one payment per month, due on the first day of each month. *Id*. In exchange for these payments, Mr. Suarez-Rojas has agreed to move for dismissal of the arbitration, and termination of his claims in the District Court, with prejudice. *Id. at* 4, para. 9. Mr. Suarez-Rojas has also agreed to grant Defendants a release of all claims under the FLSA and NYLL. *Id*. at 3, para. 4.

Defendants agree to be liable for a default judgment of $35,000, less any amounts already paid, for breach of the terms of the agreement. *Id*. at 5, para. 20. Lastly, the agreement requests that this Court retain jurisdiction over this case to enforce the terms of the settlement. *Id*. at 5, para. 21.

FAIRNESS AND REASONABLENESS UNDER FLSA STANDARDS
In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances. *Wolinsky v. Scholastic Inc.*, 900 F.Supp. 2d 332, 335-36 (S.D. N.Y. 2012). In light of the factors stated in *Wolinsky*, the Parties state: 1) Plaintiffs have recovered 89.3% of the total amount they were seeking in this case. *See* Decl. of Brandon A. Thomas at 5-6, para. 20; *See also* Ex. 2 at 2, Specification of Claims (Plaintiffs requested a total of $19,602 in overtime wages and $19,602 in liquidated damages, as well as spread of hours and prejudgment interest under the NYLL); 2) This settlement benefits Mr. Suarez-Rojas because it will allow him to recover a substantial amount of money quickly, rather than potentially waiting for the conclusion of the arbitration proceedings. Additionally, this settlement allows Defendants to also avoid paying for their own lawyers in protracted litigation; 3) The litigation risks in this case are serious in that the amount recovered by Mr. Suarez-Rojas amounts to nearly a full year's salary for him. Furthermore, the litigation risks are substantial for Defendants because they strongly prefer to pay on a payment plan as negotiated in the Settlement Agreement; 4) The settlement is the product of arm's-length negotiation between experienced counsel, and the Parties have

engaged in extensive discussions concerning their respective positions; and 5) There is no fraud or collusion in this case between the Parties.

As to the other *Wolinsky* factors weighing against approving settlements, the Parties state that: 1) At this time it is uncertain whether there are similarly-situated employees, given that Defendants claim employees signed arbitration agreements that deprive this Court of jurisdiction (Doc. 19); 2) There is no likelihood that the Claimants' circumstances will recur because Mr. Suarez-Rojas no longer works for Defendants; 3) Defendants represent that this action is the second time they have been sued for a violation of the FLSA or NYLL; and 4) The alleged overtime violation in this case, straight-time wages for all hours worked, is commonplace, and a pointed determination of the factual and legal issues is not particularly useful for this case or the public. Defendants deny the material allegations of Mr. Suarez-Rojas' claims and any liability under the FLSA or NYLL, but have agreed to settle this matter to avoid the burden, expense, and risks of continued litigation. Lastly, the Parties have not engaged in an exchange of records or conducted depositions in discovery to keep the costs low, so Plaintiff is unable to determine the probability of success if the case went to trial. The nature of the case being alleged unpaid overtime wages, with Defendants allegedly paying straight-time for all hours worked Plaintiff Suarez-Rojas believes has a good probability of success and Defendants dispute, but cannot be determined for sure without a full accounting of the records.

## II.     COSTS

Opt-in plaintiff Suarez-Rojas is seeking reimbursement for $300 for the cost of the demand of arbitration (Doc. 1). *See* 28 U.S.C. Section 1920(1). Secondly, Mr. Suarez-Rojas' primary language is Spanish, and he speaks very limited English. As a result, Plaintiff Suarez-Rojas is also seeking reimbursement for $270 in Spanish-language interpreters that counsel has had to procure to prosecute this case, for tasks including: interviewing Mr. Suarez-Rojas about his claims, discussing witnesses, case strategy, and how the case will be proven, discussing pay practices and records, and reviewing the Settlement Agreement. *See* 28 U.S.C. Section 1920(6); *See also* Decl. of Brandon A. Thomas at 6, para. 23. It is important for counsel to be able to recover fees in such cases with Spanish-speaking plaintiffs, or this very vulnerable class will be without attorneys to vindicate their claims. *See generally Kim v. Kum Gang, Inc.*, Case No. 12 Civ. 6344 (MHD), WL 2222438, 36-37 (S.D. N.Y. March 19, 2015) ("The FLSA is designed to protect a vulnerable part of the workforce" and workers who do not speak English are particularly vulnerable). Thus, Plaintiff Suarez-Rojas is seeking a total of $570.00 in costs.

## III.    ATTORNEY'S FEES

Plaintiff's counsel's attorney's fee award of $11,476.67 represents a one-third contingency fee of the total settlement, after the $570 in costs are subtracted. This contingency fee is in accordance with the retainer agreements executed by Plaintiff with his counsel. *See* Decl. of Brandon A. Thomas at 7, para. 26.

Contingency fee awards of one-third of the total recovery are generally acceptable in FLSA and NYLL cases in this circuit. *See e.g. Sung v. Top System Alarm, Inc.*, Case No. 21-cv-2446, WL 2312455 (WFK) (JAM) (E.D. N.Y. May 22, 2024) (awarding plaintiff's counsel $36,035.51 as one-third of the $110,000 award to plaintiff in individual FLSA case); *Quispe v. Stone & Tile, Inc.*, 583 F.Supp.3d 372 (E.D. N.Y. 2022); *Gonzalez v. 27 W.H. Bake, LLC*, Case No. 15Civ4161 (PAC) (HBP), WL 1918623 (S.D. N.Y. Apr. 20, 2018). "The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it 'directly aligns the interests of [Plaintiff] and [his] counsel.'" *Gonzalez v. Citusa Park Ave., LLC*, No. 20-CIV-2326 (AT), 2020 WL 8920703, at 2 (S.D.N.Y. Nov. 30, 2020) (citations omitted).

However, courts often do a cross-check using the *Lodestar* method, to determine if a contingency fee is reasonable. *See James v. China Grill Mgmt., Inc. et al.*, Case No. 18civ455 (LGS), WL 1915298, 1 (S.D. N.Y. Apr. 30, 2019). Courts in this Circuit have found that multipliers of less than 2 in FLSA cases should generally be approved. *Lizondro-Garcia v. Kefi LLC*, Case No. 12Civ1906(HBP), WL 4006896, 10 (S.D. N.Y. July 1, 2015); *James*, WL 1915298 at 1.

In approving contingency fee awards, courts often look to the *Goldberger* factors, to determine the reasonableness of the fee. *See James*, WL 1915298 at 1-2 (*citing Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2nd Cir. 2000)). In light of the *Goldberger* factors, counsel raises the following for the Court's consideration. First, Plaintiffs' counsel, Brandon A. Thomas, has been lead attorney on this case representing opt-in plaintiff Suarez-Rojas for approximately five months, since December 20, 2024. *See* Consent to Sue Under the FLSA (Doc. 16-1). Second, as to the remaining *Goldberger* factors, as the Court stated in *Sung*, "[t]he *Goldberger* factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, 'FLSA claims typically involve complex mixed questions of fact and law,' *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here." *Sung, W*L 2312455 at 6 (*citing Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013)).

In this case there were many risks and complexities in this case for Plaintiffs' counsel, such as: 1) The outcome of an arbitration hearing on the merits of the case; 2) Spanish-language barrier requiring upfront interpreter costs; and 3) Potential that individual defendant Tom Bowes could be dismissed as a party and try to recover costs from Plaintiffs.

Plaintiffs' counsel Brandon A. Thomas has accrued $11,266.50 in attorney's fees. With a one-third contingency fee of $11,476.67, this represents a multiplier of 1.02. This is well under a multiplier of 2, which has been generally approved in this circuit. *See e.g. Lizondro-Garcia,* WL 4006896 at 10 (awarding contingency fee of one-third to plaintiff's counsel with 1.68 multiplier in FLSA and NYLL case).

IV.     CONCLUSION

Defendants do not oppose Plaintiffs' counsel's award of one-third of the recovery, counsel's hourly rates, or counsel's time billed in this action. Therefore, the Parties respectfully request

that this Court find the settlement is fair and reasonable, approve the Settlement Agreement between Plaintiff Suarez-Rojas and the Defendants in this case (Doc. 25-1), dismiss the causes of action of opt-in plaintiff Suarez-Rojas from this action with prejudice and without costs or attorneys' fees except as set forth in the Settlement Agreement. *See Cheeks v. Freeport Pankake House, Inc.*, 796 F.3d 199, 206 (2nd Cir. 2015). The action of Luis Aquino, Case No. 1:24-cv-09030-AT, should remain open and stayed while the remaining arbitrations are pending. The Parties also request the Court retain jurisdiction for enforcement of the terms of the Settlement Agreement.

Respectfully Submitted,

| | |
|---|---|
| Brandon A. Thomas | Christopher Smith |
| s/Brandon A. Thomas | s/Christopher Smith |
| Attorney for Plaintiffs | Attorney for Defendants |