UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS AQUINO-MORENO, Individually and on Behalf of All Those Similarly Situated, SERGIO GARCIA-GONZALEZ, FRANZ SUAREZ-ROJAS, JAIRO CORDOBA-RODRIGUEZ, RANGEL EMMANUEL DISLA, and EDGAR MIGUEL HENRIQUE-MARTINEZ,

Plaintiffs,

-against-

CONSOLIDATED SCAFFOLDING, INC. and TOM BOWES, Jointly and Severally,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/5/2025_

24 Civ. 9030 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Representative Plaintiff, Luis Aquino-Moreno, brings this putative collective action against Defendants, Consolidated Scaffolding, Inc., and Tom Bowes, alleging, *inter alia*, violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, for failure to pay overtime wages. *See generally* Compl., ECF No. 1.  Franz Suarez-Rojas joined this action as an opt-in plaintiff.[1]  ECF

---

[1] The joinder of plaintiffs to an FLSA action is governed by 29 U.S.C. § 216(b), which provides that an employee may bring an action on behalf of himself and other "similarly situated" employees, and that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  To that end, courts in this District "have adopted a two-step 'conditional certification' process of facilitating notice to potential plaintiffs who may wish to join a pending FLSA suit." *Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 516 (S.D.N.Y. 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).  This process, however, is "entirely discretionary," and nothing "in the text of the statute prevents [similarly situated] plaintiffs from opting in to the action by filing consents with the district court, even when notice by the district court has not been sent." *Id.* (alteration adopted) (quoting *Myers*, 624 F.3d at 555 n.10).  "In other words, the filing of a consent by a similarly situated employee is, by itself, sufficient to join an FLSA action." *Id.*  Here, although this action has not been conditionally certified, Suarez-Rojas filed his consent notice on December 20, 2024, ECF No. 16-1, and Defendants do not dispute that he is similarly situated to Aquino-Moreno.  Accordingly, Suarez-Rojas joined this action as an opt-in plaintiff on December 20. *See Gonyer*, 32 F. Supp. 3d at 516–17 (finding that an opt-in plaintiff successfully joined FLSA action when he filed consent notice before any conditional certification of the action and the defendant did not dispute that he was similarly situated to plaintiff who originally brought suit).

Nos. 16, 16-1.  After reaching a settlement (the "Settlement"), ECF No. 22-1, Suarez-Rojas and Defendants jointly sought the Court's approval of their proposed agreement, *see* Letter, ECF No. 22.  By order dated June 3, 2025 (the "Order"), the Court denied the parties' motion without prejudice to renewal.  *See generally* Order, ECF No. 24.

Before the Court are the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 26-1, and renewed motion for settlement approval (the "Revised Letter"), ECF No. 26.  For the reasons stated below, the renewed motion is DENIED without prejudice to renewal.[2]

## DISCUSSION

I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for [the] health, efficiency, and general well-being of workers."  29 U.S.C. § 202.  "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

---

[2] In January 2025, the parties stipulated to arbitrate their claims, and the Court stayed this action pending arbitration. ECF No. 21.  Suarez-Rojas and Defendants represent that arbitration is ongoing.  Revised Letter at 1.  Accordingly, the Court lifts the stay for the sole purpose of deciding the instant renewed motion for settlement approval.

Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" or "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

II.   Analysis

In its Order, the Court found that the Settlement's liability release clause was overbroad in at least two ways: First, "the release [was] not limited to Defendants but include[d] affiliated business entities"; second, "the release reache[d] beyond the claims at issue in this litigation because it cover[ed] any and all claims" under the FLSA, NYLL, and § 142-2.2 of the New York Code of Rules and Regulations, "even those outside of the scope of this action." Order at 4–5 (citations omitted). The Court also determined that the Settlement contained an impermissible not-to-sue covenant, which covered any claims, known or unknown, concerning the released parties' wages, and, therefore, went "far beyond claims relevant to this litigation." *Id*. at 5. "In

3

light of the overbroad liability release clause and covenant not to sue, and the parties' failure to satisfy the *Wolinsky* factors," the Court did not approve the Settlement. *Id*.

The Revised Settlement contains a liability release clause and a not-to-sue covenant that are identical to the ones the Court previously found to be overbroad and impermissible. *Compare* Settlement ¶¶ 4–5 *with* Revised Settlement ¶¶ 4–5. The parties have, therefore, not cured the deficiencies identified by the Court in its Order. Accordingly, the renewed motion for settlement approval is DENIED. The parties are warned that disregarding the Court's Order is unacceptable and may result in sanctions. *See* Fed. R. Civ. P. 11(c)(3).

## CONCLUSION

For the foregoing reasons, Suarez-Rojas and Defendants' renewed motion for settlement approval is DENIED without prejudice to renewal. By December 3, 2025, the parties may file a revised motion for settlement approval and settlement agreement in accordance with this order and the Court's order dated June 3, 2025.[3]

SO ORDERED.

Dated: November 5, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] The stay of this action, *see* ECF No. 21, shall remain in effect until further order of the Court and without prejudice to Suarez-Rojas and Defendants' filing of a revised motion for settlement approval and settlement agreement.