UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS AQUINO-MORENO, Individually and on
Behalf of All Those Similarly Situated, SERGIO
GARCIA-GONZALEZ, FRANZ
SUAREZ-ROJAS, JAIRO
CORDOBA-RODRIGUEZ, RANGEL
EMMANUEL DISLA, and EDGAR MIGUEL
HENRIQUE-MARTINEZ,

Plaintiffs,

-against-

CONSOLIDATED SCAFFOLDING, INC. and
TOM BOWES, Jointly and Severally,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/15/2026__

24 Civ. 9030 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Luis Aquino-Moreno, brings this putative collective action against Defendants, Consolidated Scaffolding, Inc., and Tom Bowes, alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, for failure to pay overtime wages. *See generally* Compl., ECF No. 1. Jairo Cordoba-Rodriguez and Franz Suarez-Rojas joined this action as opt-in plaintiffs.[1]  ECF

---

[1] The joinder of plaintiffs to an FLSA action is governed by 29 U.S.C. § 216(b), which provides that an employee may bring an action on behalf of himself and other "similarly situated" employees, and that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  To that end, courts in this District "have adopted a two-step 'conditional certification' process of facilitating notice to potential plaintiffs who may wish to join a pending FLSA suit." *Gonyer v. Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 516 (S.D.N.Y. 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).  This process, however, is "entirely discretionary," and nothing "in the text of the statute prevents [similarly situated] plaintiffs from opting in to the action by filing consents with the district court, even when notice by the district court has not been sent." *Id.* (alteration adopted) (quoting *Myers*, 624 F.3d at 555 n.10).  "In other words, the filing of a consent by a similarly situated employee is, by itself, sufficient to join an FLSA action." *Id.*  Here, although this action has not been conditionally certified, Cordoba-Rodriguez and Suarez-Rojas filed their consent notice on December 20, 2024, ECF Nos. 16-1 and 16-2, and Defendants do not dispute that they are similarly situated to Aquino-Moreno.  Accordingly, they joined this action as opt-in plaintiffs on December 20, 2024. *See Gonyer*, 32 F. Supp. 3d at 516–17 (finding that opt-in plaintiff successfully joined FLSA action when he filed consent notice before any conditional certification of the action and defendant did not dispute that he was similarly situated to plaintiff who originally brought suit).

Nos. 16, 16-1, 16-2.  Before the Court are the three motions for approval of settlement agreements in this action under *Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199 (2d Cir. 2015) filed by Cordoba-Rodriguez, Suarez-Rojas, and Aquino-Moreno.  *See* JCR Ltr., ECF No. 28; FSR Ltr., ECF No. 29; LAM Ltr., ECF No. 30.  For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.[2]

## DISCUSSION

### I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for [the] health, efficiency, and general well-being of workers."  29 U.S.C. § 202.  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cheeks*, 796 F.3d at 206.  Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To

---

[2] In January 2025, the parties stipulated to arbitrate their claims, and the Court stayed this action pending arbitration. *See* ECF No. 21.  Aquino Moreno and Defendants represent that arbitration is ongoing.  *See* LAM Ltr. at 1–2. Accordingly, the Court lifts the stay for the sole purpose of deciding the motions for settlement approval.

determine whether a settlement is fair and reasonable, courts consider "the totality of

circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel;" and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010

WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve

settlements that contain "highly restrictive confidentiality provisions" or "overbroad" releases of

claims.  *Cheeks*, 796 F.3d at 206 (citation omitted).

 II. <u>Analysis</u>

 A.  Cordoba-Rodriguez

The Court concludes that the settlement agreement between Cordoba-Rodriguez and

Defendants is fair and reasonable.  First, Cordoba-Rodriguez's June 2025 specification of claims

to the arbitrator stated a demand of $27,495, *see* ECF No. 28-2, and the settlement contemplates

a payment of $16,500, excluding attorneys' fees and costs, JCR Ltr. at 2–3.  The total recovery,

although less than Cordoba-Rodriguez's full demand, counsels in favor of finding a fair and

reasonable settlement agreement, given the general risks involved in and the delays inherent in

arbitration.  *See Gonzalez Rosete v. Real Royal Inc.,* No. 25 Civ. 4848, 2026 WL 396078, at *2

(S.D.N.Y. Feb. 12, 2026) (noting that courts in this circuit have approved settlements awarding

plaintiffs less than half of their calculated damages under *Cheeks*).  The Court notes that the

settlement benefits Cordoba-Rodriguez because "it will allow him to recover a substantial

amount of money quickly," and the risks of pursuing further litigation are "serious," as the sum

recovered under the agreement "amounts to nearly a full year's salary" for Cordoba-Rodriguez.

JCR Ltr. at 2.  The parties represent, and the Court credits, that the settlement agreement is "the product of arm's length negotiation between experienced counsel." *Id.* at 2; *see also* Thomas JCR Aff. ¶¶ 10–15, ECF No. 28-3 (describing Plaintiff's counsel's qualifications).

There is, relatedly, nothing to suggest that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335.  The settlement agreement "does not include the typical provisions that preclude approval, including (1) overbroad releases; (2) highly restrictive confidentiality provisions; (3) non-disparagement provisions that bar truthful statements; and (4) prohibitions on future employment." *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 450 (E.D.N.Y. 2022).  Although the settlement agreement contemplates a release of claims and a covenant not to sue, these provisions are limited to claims raised in this action and apply only to claims brought against Defendants, not unrelated entities.  *See* JCR Settlement ¶¶ 4–5, ECF No. 28-1; *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021) ("In general, any release provision must be limited to the claims at issue in this action." (citation omitted)).  Moreover, Cordoba-Rodriguez is no longer an employee of Defendants, *see* JCR Ltr. at 3, "reducing the danger that the release was obtained through improper job-related pressure," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016).

Finally, the Court approves Cordoba-Rodriguez's attorneys' fee award of $8,250, which represents a one-third contingency fee of the total settlement amount and is in accordance with the retainer agreements executed by Plaintiff with his counsel, *see* ECF No. 33-1 (executed agreement in Spanish); ECF No. 33-4 (English translation).  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (explaining that *Cheeks* review "extends to the reasonableness of attorneys' fees and costs").  The Court does not find this contingency fee award, which was

agreed to by the parties, unfair or unreasonable under these circumstances.  *See Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Paulino v. S & P Mini Mkt. Corp.*, 790 F. Supp. 3d 319, 333 (S.D.N.Y. 2025) (approving a one-third contingency payment where there is no evidence of "overreaching or any deceptive conduct in the making of the contingency arrangement").

As to costs, an attorney can recover "those reasonable out-of-pocket expenses incurred . . . and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal citation and quotation marks omitted).  Plaintiff's counsel seeks $350 for the cost of the demand for arbitration and $400 for Spanish-language interpreters.  *See* JCR Ltr. at 3.  The Court finds these costs to be reasonable.  The Court, therefore, approves the settlement agreement between Cordoba-Rodriguez and Defendants.

B.  Suarez-Rojas

The Court also concludes that the settlement agreement between Suarez-Rojas and Defendants is fair and reasonable.  First, Suarez-Rojas's March 2025 specification of claims to the arbitrator stated a demand of $54,929.40, *see* ECF No. 29-2, and the settlement contemplates a payment of $22,953.33, excluding attorneys' fees and costs, FSR Ltr. at 2.  *See Khan v. Young Adult Inst., Inc.*, No. 18 CIV. 2824, 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (holding that a 40% net settlement is reasonable).  As with Cordoba-Rodriguez, the settlement allows Suarez-Rojas "to recover a substantial amount of money quickly," and the risks of pursuing further litigation are "serious [because] the amount recovered [under the agreement] . . . amounts to nearly a full year's salary for him."  FSR Ltr. at 2–3.  The parties again represent, and the Court credits, that the settlement agreement is "the product of arm's length negotiation between

5

experienced counsel." *Id.*; *see also* Thomas FSR Aff. ¶¶ 10–15, ECF No. 29-3 (describing Plaintiffs' counsel's qualifications).

The Court further notes that the settlement agreement does not include "the typical provisions that preclude approval, including (1) overbroad releases; (2) highly restrictive confidentiality provisions; (3) non-disparagement provisions that bar truthful statements; and (4) prohibitions on future employment." *Li*, 596 F. Supp. 3d at 450; *cf.* ECF No. 24 at 4–5 (denying Suarez-Rojas' and Defendants' previous motion for approval due to overbroad releases and covenants not to sue).  The parties have appropriately limited the release and covenant not to sue to claims raised in this action and claims against Defendants, not unrelated entities.  *See* FSR Settlement ¶¶ 4–5, ECF No. 29-1.  Moreover, like Cordoba-Rodriguez, Suarez-Rojas is no longer employed by Defendants, FSR Ltr. at 3, "reducing the danger that the release was obtained through improper job-related pressure," *Lopez*, 176 F. Supp. 3d at 344.

Finally, the Court approves Suarez-Rojas' attorneys' fee award of $11,476.67, which represents a one-third contingency fee of the total settlement and is in accordance with the retainer agreements executed by Suarez-Rojas with his counsel, *see* ECF Nos. 33-2 (executed agreement in Spanish); ECF No. 33-4 (English translation of retainer agreements).  The Court does not find that this contingency fee award is unfair or unreasonable.  *See Calle*, 2014 WL 6621081, at *3; *Paulino*, 790 F. Supp. 3d at 333.  The court also approves routine costs of $570, representing $300 for the cost of the demand for arbitration and $270 for Spanish-language interpreters.

C.  Aquino-Moreno

The Court does not, however, find that the settlement agreement between Aquino-Moreno and Defendants is fair and reasonable at this time.  Aquino-Moreno's June 2025

specification of claims to the arbitrator stated a demand of $76,965.74, *see* ECF No. 30-2, and the settlement contemplates a payment of $22,278.93, excluding attorneys' fees and costs, LAM Ltr. at 2. At this time, the Court cannot conclude that this net recovery—less than 30%—is fair and reasonable, particularly where the letter motion states that Aquino-Moreno's claim has a "good probability of success," LAM at 3. Although the letter motion, like Cordoba-Rodriguez's and Suarez-Rojas' motions, argues that approval would "allow [Aquino-Moreno] to recover a substantial amount of money quickly," and that the risks of pursuing further litigation are "serious [because] the amount recovered . . . amounts to nearly a full year's salary," LAM Ltr. at 2, other than describing the general risks inherent in arbitration, the motion does not describe any particular need for a quick recovery or describe specific obstacles Aquino-Moreno could face which would lead the Court to believe that a substantially lower proportional net recovery is reasonable. The presence of multiple plaintiffs and Defendants' history of past FLSA litigation also both weigh against approving a low recovery. *See* LAM Ltr. at 3; *cf., e.g.*, *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (observing that the existence of other plaintiffs and a history of Defendants' FLSA noncompliance weigh against settlement approval). Therefore, the Court declines to approve Aquino-Moreno's settlement agreement at this time.

## CONCLUSION

For the foregoing reasons, Cordoba-Rodriguez and Defendants' motion for settlement approval is GRANTED; Suarez-Rojas and Defendants' motion for settlement approval is GRANTED; and Aquino-Moreno and Defendants' motion is DENIED without prejudice to renewal. By **July 6, 2026**, Aquino-Moreno and Defendants may file a supplemental letter motion articulating in more detail why Aquino-Moreno's recovery is fair and reasonable in light

of the range of possible recovery and risks inherent in pursuing further litigation, or file a revised

settlement agreement and letter.[3]

       SO ORDERED.

Dated: June 15, 2026
       New York, New York

_____
        ANALISA TORRES
     United States District Judge

---

[3] The stay of this action, *see* ECF No. 21, shall remain in effect until further order of the Court and without prejudice to Aquino-Moreno and Defendants' filing of a supplemental letter motion or revised letter and settlement agreement.