USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 8/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS AQUINO-MORENO, Individually and on Behalf of All Those Similarly Situated, SERGIO GARCIA-GONZALEZ, RANGEL EMMANUEL DISLA, and EDGAR MIGUEL HENRIQUE-MARTINEZ,

Plaintiffs,

-against-

CONSOLIDATED SCAFFOLDING, INC. and TOM BOWES, Jointly and Severally,

Defendants.

24 Civ. 9030 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Luis Aquino-Moreno, brings this putative collective action against Defendants, Consolidated Scaffolding, Inc., and Tom Bowes, alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, for failure to pay overtime wages. *See generally* Compl., ECF No. 1. Before the Court is Aquino-Moreno's renewed motion for approval of a settlement agreement in this action under *Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Mot. II, ECF No. 35. For the reasons stated below, the motion is granted.

## I. Legal Standard

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cheeks*, 796 F.3d at 206. Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of

> arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" or "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206 (citation omitted).

II. Analysis

The Court finds that the settlement agreement between Aquino-Moreno and Defendants is fair and reasonable. In June 2025, Aquino-Moreno filed a specification of claims with the arbitrator, estimating damages at over $75,000. *See* ECF No. 30-2 at 2. However, after Defendants shared their records of the hours he worked, Aquino-Moreno revised his damages estimate down to $40,000. *See* Mot. II Ex. A at 1, ECF No. 35-1. The settlement contemplates a payment of $22,278.93, excluding attorneys' fees and costs. Mot. I at 2, ECF No. 30; LAM Settlement § 1, ECF No. 30-1. The total recovery, although less than Aquino-Moreno's full demand, counsels in favor of finding a fair and reasonable settlement agreement, given the general risks involved in and the delays inherent in arbitration. *See, e.g.*, *Gonzalez Rosete v. Real Royal Inc.,* No. 25 Civ. 4848, 2026 WL 396078, at *2 (S.D.N.Y. Feb. 12, 2026) (noting that courts in this circuit have approved settlements awarding plaintiffs less than half of their calculated damages under *Cheeks*).

The Court notes that the settlement benefits Aquino-Moreno because "it will allow him to recover a substantial amount of money quickly," and the risks of pursuing further litigation are "serious," as the sum recovered under the agreement "amounts to nearly a full year's salary" for Aquino-Moreno. Mot. I at 2. The Court credits the parties' representation that the settlement agreement is "the product of arm's length negotiation between experienced counsel." *Id.* at 2–3; *see also* Thomas LAM Aff. ¶¶ 10–15, ECF No. 30-3 (describing Plaintiff's counsel's qualifications in FLSA cases).

There is, relatedly, nothing to suggest that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. The settlement agreement "does not include the typical provisions that preclude approval, including (1) overbroad releases; (2) highly restrictive confidentiality provisions; (3) non-disparagement provisions that bar truthful statements; and (4) prohibitions on future employment." *Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 450 (E.D.N.Y. 2022). Although the settlement agreement contemplates a release of claims and a covenant not to sue, these provisions are limited to claims raised in this action and apply only to claims brought against Defendants, not unrelated entities. *See* LAM Settlement §§ 4–5; *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021) ("In general, any release provision must be limited to the claims at issue in this action." (citation omitted)). Moreover, Aquino-Moreno is no longer an employee of Defendants, *see* Mot. I at 3, "reducing the danger that the release was obtained through improper job-related pressure," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016).

Finally, the Court approves Aquino-Moreno's attorneys' fee award of $11,139.47, which represents a one-third contingency fee of the total $34,343.30 settlement amount, *see* LAM Settlement §§ 1–2, and is in accordance with the retainer agreements executed by Plaintiff with his counsel, *see* ECF No. 33-3 (executed agreement in Spanish); ECF No. 33-4 (English translation). *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (explaining that *Cheeks* review "extends to the reasonableness of attorneys' fees and costs"). The Court does not find this contingency fee award, which was agreed to by the parties, unfair or unreasonable under these circumstances. *See Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Paulino v. S & P Mini Mkt. Corp.*, 790 F. Supp. 3d 319, 333 (S.D.N.Y. 2025) (approving a one-third contingency payment where there is no evidence of "overreaching or any deceptive conduct in the making of the contingency arrangement").

As to costs, an attorney can recover "those reasonable out-of-pocket expenses incurred . . . and ordinarily charged to their clients." *Leblanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citation omitted). Plaintiff's counsel seeks $300 for the cost of the demand for arbitration, $405 for the cost of the complaint, and $170 in costs for Spanish-language interpreters. *See* Mot. I at 3. The Court finds these costs to be reasonable. The Court, therefore, approves the settlement agreement between Aquino-Moreno and Defendants.

III. Conclusion

For the foregoing reasons, Aquino-Moreno's motion for settlement approval is GRANTED. The Court shall retain jurisdiction to enforce the terms of the settlement agreement, as well as the approved settlement agreements between Defendants and Jairo Cordoba-Rodriguez and Franz Suarez-Rojas, *see* ECF No. 34, for a period of one year from the date of this order.

In addition, for good cause shown and with consent of the parties, opt-in Plaintiff Emanuel Disla shall be substituted as the named Plaintiff in this action. *See* Proposed Order at 5, ECF No. 30-4. The cases of Rangel Emanuel Disla, Sergio Garcia-Gonzalez, Edgar Miguel Henrique-Martinez shall remain open pending the resolution of their cases in arbitration, and the stay of this action, *see* ECF No. 21, shall remain in effect pending further order of the Court. The Clerk of Court is respectfully directed to amend the caption accordingly.

SO ORDERED.

Dated: August 4, 2026
New York, New York

ANALISA TORRES
United States District Judge